IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA CARAMELA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-00200 |
| | § | |
| CAROFFER, LLC, | § | JURY REQUESTED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Donna Caramela files this Original Complaint against Defendant CarOffer, LLC. Plaintiff requests damages, interest, attorneys' fees, and costs for Defendant's unlawful acts.

**I.   PARTIES AND SERVICE**

1.   Plaintiff Donna Caramela is a resident of Tarrant County, Texas.

2.   CarOffer, LLC, ("CarOffer" or "Defendant") is a foreign limited liability company headquartered in Plano, Texas. CarOffer may be served via its registered agent, Bruce T. Thompson, 2701 E. Plano Parkway, Suite 100, Plano, Texas 75074, or wherever he may be found.

**II.   JURISDICTION AND VENUE**

3.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, namely the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.; and Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant regularly conducts business in this District and because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

5. On October 25, 2021, Plaintiff timely dual-filed a "Charge of Discrimination" with the Texas Workforce Commission ("TWC") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race, disability, and retaliation. On November 2, 2021, Plaintiff received the EEOC's Notice of Dismissal and Right to File Civil Action (the "EEOC Right to Sue Letter"). This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Right to Sue Letter. Thus, all administrative prerequisites have been met or have expired.

6. This controversy is within the jurisdictional limits of this Court.

### III. FACTUAL SUMMARY

7. Plaintiff, who is African American, began working for CarOffer in May 2021 as a Dealer Success Specialist. She reported to work at CarOffer's location at 15601 Dallas Parkway, Suite 600, Addison, Texas 75001.

8. Plaintiff suffers from the disabilities of anxiety and depression. Plaintiff's disabilities interfere with the function of her brain and neurological process and interfere with sleeping, concentrating, thinking, reading, and communicating. Until late summer 2021, Plaintiff could complete all job duties without any accommodations.

9. Plaintiff's job duties included calling dealerships and asking for payment arrangements, then making notes in CarOffer's computer system. At the time of her hiring, Plaintiff had over 25 years of experience in collections.

10. On or about June 25, 2021, Plaintiff's manager, Jennifer Jackson, who is Anglo-Caucasian, observed a photo of Plaintiff and her husband, who is Anglo-Caucasian. Jackson expressed surprise that Plaintiff's husband was not African American.

11. Afterward, Jackson began harassing Plaintiff consistently about her marriage, such as referencing Plaintiff's husband's race and asking, "Is this the reason why you're still with your husband?" and stating, "I can't believe [Plaintiff's husband] bought you a wedding ring."

12. After weeks of Jackson's harassment, Plaintiff requested a meeting with Jackson's supervisors, Autumn Ross, who is Anglo-Caucasian, and Veronica Maldonado, who is Hispanic, to discuss Jackson's racially harassing statements. Both Ross and Maldonado denied Plaintiff's request and told Plaintiff to talk to Jackson.

13. When Plaintiff met with Jackson, she disclosed her disabilities of anxiety and depression. Plaintiff told Jackson that she observed Jackson treating Plaintiff differently. Jackson denied treating Plaintiff differently.

14. Despite meeting with Jackson, Jackson's harassing behavior continued. While Plaintiff frequently requested Jackson stop harassing Plaintiff, Jackson would cryptically respond by telling Plaintiff, "You don't have to worry about losing your job," – which insinuated the exact opposite – yet the harassment would continue unabated.

15. On or about June 1, 2021, Plaintiff had a panic attack while at work as a result of Jackson's continued harassment. Plaintiff visited her doctor, who prescribed an increased dosage of Plaintiff's anti-anxiety medication.

16. Plaintiff was approved for three days off and returned to work on June 8, 2021, but Jackson's harassment continued.

17. In July 2021, Plaintiff complained to Head of HR Bernadeta Thomas about Jackson's harassment. Thomas stated she would investigate Plaintiff's complaint, but Jackson's harassing behavior escalated after Plaintiff's complaint.

18. Approximately two weeks after Plaintiff's initial complaint, Plaintiff reached out to Thomas and requested to fill out forms to file a formal complaint due to Jackson's increasingly retaliatory harassment.

19. Thomas told Caramela that there were no such forms available for Plaintiff to submit a complaint, then claimed that she [Thomas] had already spoken to Jackson about Plaintiff's complaint.

20. Plaintiff subsequently reached out to CarOffer's complaint hotline, but the representative on the hotline would not speak to Plaintiff about her complaint.

21. On or about July 29, 2021, Plaintiff submitted disability paperwork to HR, which included a work from home request recommended by Plaintiff's doctors.

22. Working from home was common for numerous employees, including Patricia Garcia and Olivia Hoye (both Anglo-Caucasian), and Norma Moore (Hispanic).

23. Plaintiff's doctor recommended the reasonable accommodation of providing Plaintiff with one (1) additional fifteen-minute break and a workplace free from distractions and loud noises, allowing Plaintiff to leave early as needed 1-4 times per week, and allowing Plaintiff to work from home as needed up to three (3) days per week for the duration of 4-6 months.

24. On August 30 and 31, 2021, Plaintiff re-submitted her work from home request via email.

25. On September 7, 2021, Thomas emailed Plaintiff and requested clarification on the frequency that Plaintiff would require early departure from work. Plaintiff arranged a call

between Thomas and Lee, then reiterated that she was only seeking a resolution due to the hostile work environment.

26. On September 9, 2021, Thomas responded dismissively, stating that Plaintiff's concerns regarding a hostile work environment "have been already addressed," despite CarOffer having, in fact, done nothing to address Plaintiff's numerous complaints of harassment.

27. On September 10, 2021, Plaintiff's husband hand-delivered updated disability paperwork to CarOffer's HR department.

28. On or about September 17, 2021, Plaintiff experienced a debilitating panic attack while at work and went home. Plaintiff informed her doctor of the worsening of her disability, and on or about September 19, 2021, Plaintiff's doctor spoke with Defendant and told Plaintiff not to go back to work for the time being.

29. On September 28, 2021, Thomas emailed Plaintiff and stated that a doctor's note was insufficient for a two-week absence, then re-sent ADA paperwork to Plaintiff. Plaintiff replied that she had already submitted the same paperwork.

30. On October 4, 2021, Plaintiff was approved for short-term disability benefits through November 7, 2021.

31. On October 11, 2021, Plaintiff emailed return-to-work paperwork to HR and Jackson, indicating that she would be ready to return to work with no restrictions on November 8, 2021.

32. On October 13, 2021, Thomas terminated Plaintiff over the phone. Thomas stated that Defendant could not approve Plaintiff's leave request.

33. CarOffer terminated Plaintiff on the basis of her race, disability, and in retaliation for requesting a reasonable accommodation and for making complaints about discriminatory treatment.

34. CarOffer's stated reasons for termination Plaintiff were mere pretext for terminating her for illegal reasons.

35. All conditions precedent have been met or have expired.

## IV.   CAUSES OF ACTION

**COUNT ONE:     DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADA**

36. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

37. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

38. At all times relevant, CarOffer was an "employer" as defined by the ADA. CarOffer employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

39. When Plaintiff worked for CarOffer, she was an "employee" as defined by the ADA.

40. Plaintiff was able to perform her essential duties with the reasonable accommodation of working from home, but the reasonable accommodation was denied by CarOffer.

41. Plaintiff's termination was on the basis of her disability in violation of the ADA, including by having a record of disability and/or being regarded as disabled such that CarOffer claimed Plaintiff was unable to perform the essential functions of her job with or without a reasonable accommodation.

42. Plaintiff's termination was malicious or made with reckless indifference to her federally-protected rights.

43. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

44. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

45. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## COUNT TWO: RETALIATORY DISCHARGE IN VIOLATION OF THE ADA

46. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

47. After Plaintiff requested the reasonable accommodation of working from home, CarOffer retaliated against Plaintiff by terminating Plaintiff's employment.

48. Plaintiff's termination was on the basis of her request for a reasonable accommodation in violation of the ADA.

49. Plaintiff's termination was malicious or made with reckless indifference to her federally-protected rights.

50. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

51. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

52. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## COUNT THREE: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

53. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

54. Plaintiff had a disability, within the meaning of the ADA, at the time that CarOffer denied Plaintiff's reasonable accommodation of working from home.

55. Plaintiff had a disability, within the meaning of the ADA, at the time that CarOffer terminated Plaintiff in order to avoid fulfilling Plaintiff's reasonable accommodation request to work from home.

56. Plaintiff was able to perform the essential duties of her position within the reasonable accommodation of working from home.

57. CarOffer denied Plaintiff's requests for reasonable accommodation without engaging in an interactive process with her.

58. CarOffer's actions as described above were malicious or made with reckless indifference to Plaintiff's federally-protected rights.

59. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

60. Plaintiff's damages include past and future lost wages, past and future lost medical healthcare benefits, past and future mental anguish, inconvenience, and loss of enjoyment of life.

61. Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT FOUR:    DISCRIMINATORY DISCHARGE IN VIOLATION OF TITLE VII**

62. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

63. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. ("Title VII").

64. At all times relevant, CarOffer was an "employer" as defined by Title VII. CarOffer employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

65. When Plaintiff worked for CarOffer, she was an "employee" as defined by Title VII.

66. Plaintiff's termination was on the basis of her race, color, and/or national origin in violation of Title VII.

67. Plaintiff's termination was malicious or made with reckless indifference to her federally-protected rights.

68. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

69. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

70. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT FIVE:   HARASSMENT IN VIOLATION OF TITLE VII**

71. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

72. CarOffer, through Jackson, subjected Plaintiff to continued harassment, including by frequently asking Plaintiff inappropriate questions about her husband of a different race, which was directly related to Plaintiff's race, color, and/or national origin, in violation of Title VII.

73. Jackson's harassment, fostered by CarOffer's failures to restrain it or discipline Jackson, permeated Plaintiff's workplace with discriminatory intimidation and was sufficiently

severe and pervasive to alter the conditions of Plaintiff's employment, creating a hostile or abusive work environment.

74. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

75. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

76. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT SIX:** **RETALIATION IN VIOLATION OF TITLE VII**

77. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

78. CarOffer, through Jackson, subjected Plaintiff to retaliatory treatment because of Plaintiff's complaints of harassment and discriminatory treatment on the basis of Plaintiff's race, color, and/or national origin, including but not limited to denying her request to work from home and terminating her employment.

79. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

80. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

81. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT SEVEN:** **DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981**

82. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

83. Plaintiff and CarOffer had entered into a valid contract for employment, which contract was terminated by CarOffer because of Plaintiff's race, color, and/or national origin.

84. CarOffer's termination of Plaintiff's employment denied her the same rights to make and enforce contracts as is enjoyed by white citizens pursuant to 42 U.S.C. § 1981.

85. CarOffer's termination of Plaintiff's employment was intentional and was malicious or made with reckless indifference to her protected rights.

86. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

87. Plaintiff's damages include lost wages, employment benefits and other compensation, past and future pain and suffering, past and future mental anguish, inconvenience, and loss of enjoyment of life.

88. Plaintiff seeks equitable relief as may be appropriate, damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT EIGHT:   HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981**

89. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

90. CarOffer, through Jackson, subjected Plaintiff to continued harassment, including by frequently asking Plaintiff inappropriate questions about her husband of a different race, which was directly related to Plaintiff's race, color, and/or national origin, in violation of 42 U.S.C. § 1981.

91. Jackson's harassment, fostered by CarOffer's failures to restrain it or discipline Jackson, permeated Plaintiff's workplace with discriminatory intimidation and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment, creating a hostile or abusive work environment.

92. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

93. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

94. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT NINE:     RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

95. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

96. CarOffer, through Jackson, subjected Plaintiff to retaliatory treatment because of Plaintiff's complaints of harassment and discriminatory treatment on the basis of Plaintiff's race, color, and/or national origin, including but not limited to denying her request to work from home and terminating her employment.

97. As a direct and proximate consequence of CarOffer's violation, Plaintiff has suffered damages.

98. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

99. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**V.    JURY DEMAND**

100. Plaintiff demands a jury trial and has tendered the appropriate fee.

**VI.   PRAYER**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.   Issue summons for Defendant CarOffer, LLC to appear and answer;

B.   Award to Plaintiff a judgment against Defendant CarOffer, LLC for:

1. Equitable relief, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

2. Damages for emotional distress and mental anguish;

3. Compensatory and exemplary damages in the maximum amount allowed by law;

4. Such other equitable relief as may be appropriate;

5. Pre- and post-judgment interest;

6. Attorneys' fees; and

7. Costs.

Plaintiff also requests that the Court award all other relief to which Plaintiff is entitled in equity and at law.

Respectfully Submitted,

/s/ Jennifer J. Spencer
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
DONNA CARAMELA**